UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| JAMES DUMAS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:17-CV-228-TAV-HBG |
| JAMES L. BERRONG, JOHN ADAMS, and CHRIS CANTRELL, | ) | |
| Defendants. | ) | |

# **MEMORANDUM OPINION**

James Dumas ("Plaintiff") initiated this action when he filed a complaint on May 26, 2017, alleging constitutional violations under 28 U.S.C. § 1983, along with a motion for leave to proceed *in forma pauperis* [Docs. 1, 2]. On May 24, 2018, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and screened Plaintiff's complaint to determine whether, *inter alia*, the pleading failed to state a claim which would entitle Plaintiff to relief under § 1983 [Doc. 3]. The Court ordered that process shall issue to Defendants on Plaintiff's claim regarding denial of access to religious material [*Id.*]. Additionally, the Court directed the Clerk to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants and ordered Plaintiff to complete the service packets and return them to the Clerk's Office within twenty days of the date of the Order [*Id.*]. Plaintiff was forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action [*Id.*]. The Order and packets were mailed to Plaintiff at the address he listed as his current address. However,

on June 22, 2018, the mail sent by this Court was returned as "Undeliverable" and "Unable to Forward" [Doc. 4].

Thereafter, the Court ordered Plaintiff to show cause within fourteen days explaining why his case should not be dismissed for failure to prosecute or failure to follow the order of this Court [Doc. 5]. The Court notified Plaintiff that failure to comply with the terms of that order would result in dismissal of his case [*Id.*]. On August 13, 2018, the show-cause order was returned as "Undeliverable" noting "Not At This Address" and "Unable To Forward" [Doc. 6]. Plaintiff has not filed any other response to the Court's Order, and the deadline to do so has long since passed.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

(1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to prosecute this action can be attributed to his own willfulness or fault. Notably, the last two attempts made by this Court to contact Plaintiff regarding his case have been unsuccessful. Whether willful or negligent, Plaintiff has failed to update his address or monitor this action as required by Local Rule 83.13, which provides that it is the duty of the pro se party to monitor the progress of the case and to prosecute or defend the action diligently. Accordingly, the first factor weighs in favor of dismissal.

The second factor, however, weighs against dismissal; since defendants Sheriff James L. Berrong, Captain John Adams, and Chief Chris Cantrell have not yet been served, they have not been prejudiced by Plaintiff's inactions.

By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's orders, despite being expressly warned of the possible consequences of such a failure [Doc. 3 p. 2; Doc. 5 p. 2].

Finally, the Court finds that alternative sanctions would not be effective. Plaintiff has filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Plaintiff could pay a monetary fine. The Court does not believe that a dismissal *without* prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders, given that the threat of dismissal *with* prejudice was not effective in compelling Plaintiff's compliance.

The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

For the reasons discussed herein, this action is hereby **DISMISSED WITH PREJUDICE** in accordance with Rule 41(b).

**AN APPROPRIATE ORDER WILL ENTER.**


s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE